IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY EUGENE LARSON,

      Plaintiff,                      No. CIV S-07-0806 FCD DAD P

   vs.

RUNNELS, et al.,                ORDER AND

      Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See 28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

1  the preceding month's income credited to plaintiff's prison trust account.  These payments shall
2  be collected and forwarded by the appropriate agency to the Clerk of the Court each time the
3  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.
4  § 1915(b)(2).

5  The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
10 U.S.C. § 1915A(b)(1) & (2).

11 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989); Franklin, 745 F.2d at 1227.

18 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
19 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
21 Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,
22 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a
23 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
24 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
25 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must
26 accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his complaint, plaintiff alleges that defendants Warden Runnels, Warden McDonald, Deputy Warden Faulkner, counselor Cain, caseworker Patton, and the Doe defendants have violated his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution by failing to begin the process of recalling plaintiff's commitment pursuant to

/////

1  § 3076, Title 15 of the California Code of Regulations. Plaintiff contends that he qualifies under

2  § 3076(b) for the recall of his prison commitment.

3  The regulation referred to by plaintiff in his complaint provides as follows:

> The director may recommend at any time to the sentencing court the recall of an inmate's commitment pursuant to Penal Code section 1170(d) for one or more of the following reasons:
>
> * * *
>
> (b) It is evident from the inmate's exceptional behavior that is so extraordinary beyond simply complying with all regulations and procedures during incarceration that they have changed as a person and would be a positive asset to the community.

10  Cal. Code Regs. tit. 15, § 3076 (2007). Plaintiff asserts that he has provided "a mechanical

11  drawing of Primary Case Transmission for police work" which can provide electric powered

12  police cars. (Compl. at 3.2.) Plaintiff alleges that he believes he is a "positive asset to [the]

13  community by the numerous applications of Primary Case Transmission and the work generated

14  in the community." (Id.) Plaintiff claims that the named defendants have committed a fraud by

15  "harboring evidence (Primary Case Transmission drawing)" and that they have failed to perform

16  their duties to secure plaintiff's release. (Id.) Plaintiff seeks $500,000 for lost wages, $50,000

17  for nominal damages and $100,000 in punitive damages.

18  The court will recommend that this action be dismissed for failure to state a claim.

19  The regulation relied upon by plaintiff as the basis for his claim provides no private cause of

20  action for a prisoner who has not been recommended for recall of his commitment. Moreover,

21  the court finds that plaintiff is "postulating events and circumstances of a wholly fanciful kind."

22  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). Such allegations do not state a

23  cognizable constitutional claim. The court concludes that the allegations of plaintiff's complaint

24  fail to state a cognizable claim under either the Eighth or Fourteenth Amendments to the U.S.

25  Constitution.

26  /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 30, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to state a cognizable claim. See 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 20, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lars0806.56

5